**Richard J. FREY, Plaintiff–Appellant,**

v.

**FIRST UNION NATIONAL BANK, Defendant–Appellee.**

**Docket No. 01–7884.**

United States Court of Appeals, Second Circuit.

June 6, 2002.

Gregg D. Adler, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., Hartford, CT, James L. Kestell, on the brief, Falls Church, VA, Jonathan L. Gould, on the brief, Hartford, CT, for Appellant.

Michael N. LaVelle, Pullman & Comley, LLC (Sheila A. Denton, on the brief), Bridgeport, CT, for Appellee.

Present WALKER, Chief Judge, JACOBS and LEVAL, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **VACATED and REMANDED.**

Plaintiff Richard Frey appeals from a decision granting defendant's motion for judgment as a matter of law, following a jury verdict for plaintiff in his action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.,* alleging termination of employment because of his age.

Plaintiff met the minimal requirements of a prima facie case, and the defendant then proffered a nondiscriminatory reason for the adverse action. Thereupon the presumption of discrimination mandated by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), disappeared, and plaintiff assumed the burden of proof. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Fisher v. Vassar Coll.,* 114 F.3d

88

1332, 1335–36 (2d Cir.1997) (in banc). To satisfy his burden, plaintiff was obligated to point to evidence that would reasonably support a finding that the adverse employment decision was motivated by age bias. *See Reeves*, 530 U.S. at 146–49; *James v. New York Racing Ass'n*, 233 F.3d 149, 156–57 (2d Cir.2000); *Fisher*, 114 F.3d at 1346–47.

The district judge, granting defendant's motion for judgment as a matter of law, ruled that the evidence was insufficient to satisfy plaintiff's burden. The court stated that a comment by plaintiff's supervisor, asking plaintiff about his age, and suggesting that he take advantage of a pension plan, could not reasonably be construed to reflect age bias. Plaintiff contends that evidence of false statements and other aspects of the evidence that the district court did not discuss could, if taken together, reasonably support an inference of age discrimination.

We vacate the judgment and remand for reconsideration because we are uncertain whether the district court considered the full range of plaintiff's evidence. Upon giving full consideration to the evidence, the court should determine whether to reinstate the jury's verdict or to reinstate the court's judgment as a matter of law in defendant's favor. We imply no suggestion as to which judgment the court should reach. This panel will retain jurisdiction in the event of a subsequent appeal.